# UNITED STATES DISTRICT COURT
## SOUTHERN District of NEW YORK

DANIEL RUSSO,

           Plaintiff,     **SUMMONS**

– against –     Civil Action #:

CONTINENTAL CASUALTY COMPANY,
SHORT TERM DISABILITY PLAN FOR
EMPLOYEES OF ESTEÉ LAUDER, LONG TERM
DISABILITY PLAN FOR EMPLOYEES OF ESTEÉ
LAUDER, BASIC ACCIDENTAL DEATH
AND DISMEMBERMENT PLAN FOR EMPLOYEES OF
ESTEÉ LAUDER, and VOLUNTARY ACCIDENTAL
DEATH AND DISMEMBERMENT PLAN FOR
EMPLOYEES OF ESTEÉ LAUDER,
           Defendant(s).

**05 CV 5700**

**JUDGE BAER**

TO: (name and address of defendants)

SEE ATTACHED SHEET

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY,
(name and address)

        BINDER & BINDER, P.C.
        2805 Veterans Memorial Highway
        Suite 20
        Ronkonkoma, New York 11779

an answer to the complaint which is herewith served upon you, within __20__ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**J. MICHAEL McMAHON**             JUN 20 2005
CLERK                              DATE
(BY) DEPUTY CLERK

 **ORIGINAL**

**Defendants Names and Address:**

**CONTINENTAL CASUALTY COMPANY**
CNA Plaza
Chicago, Illinois 60685          Cook County, Illinois


**SHORT TERM DISABILITY PLAN FOR EMPLOYEES OF ESTEÉ LAUDER**
c/o Human Resources Department
The Esteé Lauder Companies Inc.
767 Fifth Avenue
New York, New York 10153          New York County

**LONG TERM DISABILITY PLAN FOR EMPLOYEES OF ESTEÉ LAUDER**
c/o Human Resources Department
The Esteé Lauder Companies Inc.
767 Fifth Avenue
New York, New York 10153          New York County

**BASIC ACCIDENTAL DEATH AND DISMEMBERMENT PLAN FOR EMPLOYEES OF ESTEÉ LAUDER**
c/o Human Resources Department
The Esteé Lauder Companies Inc.
767 Fifth Avenue
New York, New York 10153          New York County


**VOLUNTARY ACCIDENTAL DEATH AND DISMEMBERMENT PLAN FOR EMPLOYEES OF ESTEÉ LAUDER**
c/o Human Resources Department
The Esteé Lauder Companies Inc.
767 Fifth Avenue
New York, New York 10153          New York County

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DANIEL RUSSO,

                                    Plaintiff,                        COMPLAINT

          – against –                                      Civil Action #:

CONTINENTAL CASUALTY COMPANY,
SHORT TERM DISABILITY PLAN FOR
EMPLOYEES OF ESTEÉ LAUDER, LONG TERM
DISABILITY PLAN FOR EMPLOYEES OF ESTEE
LAUDER, BASIC ACCIDENTAL DEATH
AND DISMEMBERMENT PLAN FOR EMPLOYEES OF
ESTEE LAUDER, and VOLUNTARY ACCIDENTAL
DEATH AND DISMEMBERMENT PLAN FOR
EMPLOYEES OF ESTEE LAUDER.

                                  Defendant(s).
-------------------------------------------------------------X

      Plaintiff, Daniel Russo, by his attorneys, BINDER & BINDER, P.C., for his Complaint against the Defendant, Continental Casualty Company ("CNA"), the Short Term Disability Plan for Employees of Esteé Lauder (the " STD Plan"), the Long Term Disability Plan for Employees of Esteé Lauder (the " LTD Plan"), the Basic Accidental Death and Dismemberment Plan for Employees of Esteé Lauder, (the " AD&D Plan"), the Voluntary Accidental Death and Dismemberment Plan for Employees of Esteé Lauder, (the " Voluntary AD&D Plan"), alleges as follows:

### JURISDICTION AND VENUE

1.     Jurisdiction of the Court is based upon 29 U.S.C. §§ 1132(e)(1) and 1132(f) which give the District Courts jurisdiction to hear civil actions brought to recover benefits due under

the terms of an employee welfare benefit plan. In addition, this action may be brought before this Court pursuant to 28 U.S.C. § 1331, which gives the District Court jurisdiction over actions that arise under the laws of the United States.

2. Under the Employee Retirement Income Security Act of 1974 (hereinafter, "ERISA") (29 U.S.C. §§ 1001, *et seq.*), the long term disability plan at issue in this litigation must contain provisions for administrative or internal appeal of denial of benefits. Plaintiff has exhausted all administrative avenues of appeal and has received a final denial. Therefore, this matter is properly before this court for *de novo* judicial review under Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101 (1989).

3. Venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) which allows an action under Title I of ERISA, as amended, to be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found.

## NATURE OF ACTION

4. This is a claim seeking a declaration that Plaintiff is entitled to disability benefits pursuant to the terms and conditions of various employee welfare benefit plans. Defendants provide group benefits, sponsored and/or funded in part or whole, by Esteé Lauder, Aetna Life Insurance Company, and/or CNA. As Defendants are, or provide benefits for, employee benefit welfare plans established and maintained by an employer or employee organization for the benefit of its employees, ERISA applies to this action. Said benefits were effective at all times relevant hereto.

## THE PARTIES

5. Plaintiff was born on May 1, 1960, is currently 44 years old, and is a resident of the State

of New York. Plaintiff maintains his residence in Suffolk County at 40 Orienta Avenue, Lake Grove, New York 11755.

6. Defendant, CNA, is a business entity licensed to conduct the business of insurance in the State of New York. Upon information and belief, CNA maintains an office at CNA Plaza, Chicago, Illinois 60685.

7. Defendant, the STD Plan, is an employee benefit welfare plan as defined by ERISA, and its terms and benefits are the subject matter of this action. The STD Plan is administered by CNA and pays benefits pursuant to a group policy issued to Esteé Lauder. Upon information and belief, claims made pursuant to the STD Plan are administered for Esteé Lauder by CNA. Esteé Lauder's address for service of process is Human Resources Dept., The Esteé Lauder Companies Inc., 767 Fifth Avenue, New York, New York 10153.

8. Defendant, the LTD Plan, is an employee benefit welfare plan as defined by ERISA, and its terms and benefits are the subject matter of this action. The LTD Plan is administered by CNA and pays benefits pursuant to a group policy issued to Esteé Lauder. Upon information and belief, claims made pursuant to the LTD Plan are administered for Esteé Lauder by CNA. Esteé Lauder's address for service of process is Human Resources Dept., The Esteé Lauder Companies Inc., 767 Fifth Avenue, New York, New York 10153.

9. Defendant, the AD&D Plan, is a group plan sponsored and funded by Plaintiff's former employer, Esteé Lauder, which provides accidental death and dismemberment benefits through a group policy issued by CNA. The address for service of process for the AD&D

Plan is Human Resources Dept., The Esteé Lauder Companies Inc., 767 Fifth Avenue, New York, New York 10153.

10. Defendant, the Voluntary AD&D Plan, is a group plan sponsored and funded by Plaintiff's former employer, Esteé Lauder, which provides accidental death and dismemberment benefits in excess of those provided by the AD&D Plan, through a group policy issued by CNA. The address for service of process for the Voluntary AD&D Plan is Human Resources Dept., The Esteé Lauder Companies Inc., 767 Fifth Avenue, New York, New York 10153.

## STATEMENT OF FACTS

11. Prior to and including February 13, 2003, Plaintiff was employed by Esteé Lauder, as the Manger or Controller of the Corporate Credit Division. Plaintiff's duties included, but were not limited to: managing several portfolios valued in excess of 1.3 million dollars, managing a staff of eight (8) people; traveling extensively for business purposes; making financial presentations; creating various financial reports; settling and resolving disputes among employees; and developing prospects from current commercial customers, cash management, and inventory services.

12. Prior to February 13, 2003, Plaintiff, together with other regular employees of Esteé Lauder, was covered as a participant under the LTD Plan, STD Plan, the AD&D Plan and the Voluntary AD&D Plan.

The STD Plan Terms:

13. The STD Plan provides for payment of monthly income benefits to participants of the

-4-

STD Plan who are unable to work because of a disabling illness or injury for up to six (6) months.

14. The monthly benefit is based upon a percentage of the employee's base pay and also depends on how long they have worked for the employer. Plaintiff's percentage is one hundred percent (100%) of his "base pay." This monthly benefit is then reduced by other income benefits as those terms are identified in the STD Plan.

15. The "base pay" is defined as Plaintiff's semi-monthly rate of pay at the time he became disabled, exclusive of bonuses, overtime pay, or additional compensation Plaintiff may have received.

16. The STD Plan defines "disability" as:

> Disability means you are not able to perform the substantial and material duties of your own occupation because of an illness or injury. You must be under the care of a legally-qualified physician other than yourself during the period of disability. Your physician must certify that you are disabled, subject to the review and approval of the insurance company.

The LTD Plan Terms:

17. The LTD Plan provides for payment of monthly income benefits to participants of the LTD Plan who become disabled.

18. The monthly benefit is based on a set percentage of pre-disability annual base salary, to wit: 60%. This monthly benefit is also reduced by other income benefits as those terms are identified in the LTD Plan.

19. Benefits under the LTD Plan commence after the expiration of six (6) months of continuous total disability, the Benefit Waiting Period.

20. The maximum benefit period under the LTD Plan is defined as normal Social Security

Retirement Age, as that term is defined by the Social Security Administration.

21. The LTD Plan defines "total disability" as:

You are continually unable to perform the substantial and material duties of your own occupation,

You are under the regular care of a licensed physician other than yourself, and

You are not gainfully employed in any occupation for which you are or become qualified by education, training or experience.

22. The Plan also provides for "Residual Disability Benefits:"

If you could be gainfully employed in another occupation while unable to peform your own occupation because of sickness or injury, you may be eligible for Residual Disability Benefits. The term **gainfully employed** means the performance of any occupaiton - either on a full-time or partt-time basis - for wages, renumeration or profit on behalf of the Company, another employer or yourself for which you are qualified by education, training or experience. Such employment, and the payment of Residual Disability Beneifts, must be approved by the Insurance company (CNA) which reserves the right to discontinue or otherwise modify its approval at any future date.

To qualify for these benefits, your income from such employment must be at least 20% **less** than the pay you were receiving from the Company prior to your Residual disability. And, you do no t have to be totally disabled during the elimination period to be eligibile for Residual Disability Benefits.

Residual Disability Benefits are determined by mulitplying your lost percentage of pay - called the Loss of Salary Ratio - by the amount of your monthly LTD benefit. To calculate your **Loss of Salary Ratio,** first you must subtract your monthly income during Residual Disability from your monthly pre-disability pay. Then, you must divide the result by your pre-disability pay. For purposes of this calculation, your pre-disability pay will be increased by 7% on the first anniversary of your disability and - if you remain disabled - for the next four (4) anniversaries thereafter. If your Loss of Salary Ratio turns out to be 80% or more, you will be entitled to receive your full LTD benefit - regardless fo any other income you may have during Residual Disability.

23. Residual Disability Benefits will cease when:

\* your Loss of Salary Ratio is less than 20%
\* The insurance company determines that you no longer qualify for these benefits
or
\* at the end of the Maximum Period for which benefits are payable (as described in the "How Long Benefits Last" section on page 14) whichever occurs first.

The AD&D Plan Terms:

24. The Basic AD&D Plan states that:

    Your basic AD&D coverage provides benefits, **in addition** to those payable under the Basic life and Voluntary Life Insurance Plans, if you die or suffer certain covered injuries as a result of an accident. You are covered 24 hours a day, 365 days a year.

    \*   \*   \*

    If you die as the result of and within one (1) year of an accident your designated beneficiary will receive the Basic AD&D Plan's **Full Benefit** of two (2) times your base annual pay rounded up to the next higher $1,000.00 (if not already an evan multiple of $1,000.00). This benefit is in addition to your Basic Life and Voluntary Life Insurance (if elected) coverage. The minimum Basic AD&D benefit is $50,00.00 and the maximum is $500,000.00.

The Voluntary AD&D Plan Terms:

25. The Voluntary AD&D Plan states:

    If you elect to particpate, the Voluntary AD&D Plan provides **additional** AD&D coverage if you die or are injured as the result of an accident. The additional dismemberment benefits are payable in accordance with the schedule shown in the previous section. You may choose a Primary Benefits Amount of from $50,000.00 to $1,000,000., in multiples of $50,000. If you select a Primary Benefit Amount that is greater than $250,000., your total Voluntary AD&D benefits may not exceed ten (10) times your base annual pay.

    You may also cover your eligible dependents under the Voluntary AD&D Plan (including your spouse and your unmarried dependent children through the end of the year in which they attain age twenty-five.) If you elect to insure your dependents, your spouse's Primary Benefit Amount will be 50% of your Primary Benefit Amounts (or 60% if you have no eligible children). Each of your eligible children will be insured for 20% of your amount (or 25% if you do not have a

spouse).

Plaintiff's Disability:

26. Plaintiff began working for Esteé Lauder in 1997 and continued until 2003. Specifically, according to Esteé Lauder, Plaintiff stopped working on February 13, 2003, however, his disability began well before he left work. Plaintiff's disability deteriorated in 2003, leaving him unable to perform the duties of his or any occupation.

27. According to Esteé Lauder, Plaintiff's eligibility for employee benefits was terminated on February 29, 2004.

28. Plaintiff has been suffering from Stage IV Colon cancer since well before September 2002. Plaintiff was only given six (6) months to live at the time of his initial diagnosis. Despite the dire prognosis, Plaintiff has continued to live, albeit in increasing pain. During the years since his initial diagnosis Plaintiff underwent four (4) separate and increasingly life threatening surgeries.

29. Plaintiff's cancer and the after effects of the multiple dissections and surgeries have rendered him totally disabled and unable to perform his or any occupation under the terms of the STD and LTD Plans. Despite his best efforts, Plaintiff could not continue working, and in 2003, Plaintiff stopped working.

30. In compliance with the STD and LTD Plans, Plaintiff timely applied for such benefits on or about June 4, 2003.

31. By letter dated September 12, 2003, CNA notified Plaintiff that "[a]fter reviewing the

-8-

information contained in your claim file, we have determined that you are not eligible to receive long term disability benefits, as you are no longer a member of an eligible class."

32. Plaintiff was eligible for employee benefits from Esteé Lauder until his termination date on February 29, 2004.

33. Plaintiff appealed CNA's denial of his claim for disability benefits. CNA received Plaintiff's appeal on September 17, 2003. Plaintiff's appeal provided evidence of eligibility and total disability.

34. By letter dated November 5, 2003, CNA improperly upheld their prior decision to deny Plaintiff's claim for disability benefits.

35. CNA, by letter dated November 18, 2003, issued its final denial of Plaintiffs appeal.

36. CNA acted improperly in denying Plaintiff's claim for his disability benefits. As a result of the foregoing, Plaintiff was denied a full and fair review of his claim.

37. Defendants have violated Plaintiff's ERISA rights and their own fiduciary obligations by ignoring evidence of Plaintiff's eligibility.

38. Fiduciaries are statutorily obligated to perform their duties prudently, solely in the interest of plan participants and beneficiaries, and strictly in conformance with the provisions of the plan. Fiduciaries also are statutorily obligated to interpret and construe the terms of the plan fairly, and make decisions in accordance with plan language.

39. CNA's decision to deny Plaintiff's claim for short term and long term disability benefits was not supported by the medical evidence, and was in direct conflict with the language of the applicable summary plan descriptions. CNA's decision also ignored the finding by the Social Security Administration that Plaintiff is disabled.

40. Plaintiff remains totally disabled withing the meaning of the STD and LTD plans.

## AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION FOR SHORT TERM DISABILITY BENEFITS

41. Plaintiff repeats and re-alleges the allegations contained in Paragraphs numbered "1" through "40" above, as if set forth herein.

42. Due to Plaintiff's inability to continue working in his former occupation, Plaintiff timely filed a claim with CNA for benefits pursuant to the STD Plan.

43. Plaintiff's claim for STD benefits was accompanied by claim forms and medical documentation substantiating his total disability, as well as evidence documenting his eligibility for said disability benefits.

44. As detailed above, by letter dated September 12, 2003, CNA wrongfully denied Plaintiff's claim under the STD Plan.

45. Plaintiff is entitled to receive short term disability benefits in accordance with the STD Plan, beginning February 13, 2003, and continuing through the STD Plan's maximum benefit period of six (6) months.

46. Plaintiff has been and continues to be under the care of his treating physician and continues to be "disabled" under the terms of the STD Plans.

## AS AND FOR PLAINTIFF'S SECOND CAUSE OF ACTION FOR LONG TERM DISABILITY BENEFITS

47. Plaintiff repeats and re-alleges the allegations contained in Paragraphs numbered "1" through "46" above, as if set forth herein.

48. Plaintiff is entitled to receive long term disability benefits in accordance with the LTD Plan for the benefit amount contained in the LTD Plan, for the entire duration of the LTD Plan, after the Benefit Waiting Period, six (6) months after the onset date, less any offsets provided in the LTD Plan documents.

49. Plaintiff is entitled to receive long term disability benefits in accordance with the LTD Plan for the monthly benefit, which is based on a set percentage of pre-disability annual base salary, specifically sixty percent (60%), and is reduced by other income benefits as those terms are identified in the LTD Plan documents.

50. By letter dated September 12, 2003, CNA notified Plaintiff that "[a]fter reviewing the information contained in your claim file, we have determined that you are not eligible to receive long term disability benefits, as you are no longer a member of an eligible class."

51. By letter received on September 17, 2003, Plaintiff appealed CNA's denial of his long term disability benefits. Plaintiff, in support of his appeal, provided CNA with ample evidence of eligibility as well as of his total disability from the effects of colon cancer.

52. Plaintiff's treating physicians' diagnosed him as suffering from Stage IV Colon cancer. As a result of this life threatening illness Plaintiff has undergone four (4) surgeries in an attempt to cut out the cancerous tissue.

53. By letter dated November 5, 2003 CNA improperly upheld their prior decision to deny Plaintiff's claim for long term disability benefits. CNA ignored evidence of eligibility and of Plaintiff's total disability in making this decision.

54. CNA, by letter dated November 18, 2003 issued its final denial of Plaintiff's appeal, thus exhausting Plaintiff's administrative remedies.

55. CNA's final decision was arbitrary and capricious, and as a result, Plaintiff has not received any monies to which he is entitled under the terms of the LTD Plan.

56. Plaintiff has been and continues to be under the care of his treating physician and continues to be "disabled" under the terms of the LTD Plan.

57. Fiduciaries have a statutory obligation, in performing their duties, to act prudently and solely in the interest of plan participants and beneficiaries, and strictly in conformance with the provisions of the LTD Plan.

58. CNA has not honored its fiduciary obligations, and has failed to pay Plaintiff under the terms of the LTD Plan during his period of disability.

59. Plaintiff has been disabled under the terms of the Group Policy from February 13, 2003 to the present, and he continues to be disabled as defined by the LTD Plans. Plaintiff has been, and continues to be, under the continuous care of his treating physicians for his disabling conditions.

60. As a result, Plaintiff is entitled to benefits under the LTD Plan from February 13, 2003 to the final date of this Court's judgment.

## AS AND FOR PLAINTIFF'S THIRD CAUSE OF ACTION FOR AD&D INSURANCE BENEFITS

61. Plaintiff repeats and re-alleges the allegations contained in Paragraphs numbered "1" through "60" above, as if set forth herein.

62. Prior to and including February 13, 2003, Plaintiff was covered as a participant under the AD&D Plan. Through the AD&D Plan, benefits were payable in addition to those payable under the Life Plan, but only if the participant died or suffered certain covered

-12-

injuries as a result of an accident.

63. Upon information and belief the AD&D Plan provided insurance benefits through a group policy issued by Continental Casualty Company (CNA), whose address is CNA Plaza, Chicago, IL 60685. Upon information and belief, the AD&D Plan is administered by Estee Lauder

64. As a result of CNA's denial of Plaintiff's claim for short and long term disability benefits, Plaintiff's coverage under the AD&D Plan was improperly cancelled.

65. Plaintiff is entitled to any costs of continuation of coverage for the AD&D Plan, any costs for conversion, as well as reimbursement for premiums paid by Plaintiff since February of 2003.

66. Plaintiff was and remains disabled within the terms and conditions of the AD&D Plan. Plaintiff is, therefore, entitled to the receipt of monthly AD&D coverage benefits from February 13, 2003, and continuing to the present under the terms of the AD&D Plan, to the final date of this Court's determination.

## AS AND FOR PLAINTIFF'S FOURTH CAUSE OF ACTION FOR VOLUNTARY AD&D INSURANCE BENEFITS

67. Plaintiff repeats and re-alleges the allegations contained in Paragraphs numbered "1" through "66" above, as if set forth herein.

68. Prior to and including February 13, 2003, Plaintiff was covered as a participant under the Voluntary AD&D Plan. Through the Voluntary AD&D Plan, additional AD&D coverage is purchased, over and above the coverage provided by the AD&D plan, but only if the

participant dies or is injured as a result of an accident.

69. Upon information and belief, the Voluntary AD&D Plan provided insurance benefits through a group policy issued by Continental Casualty Company (CNA), whose address is CNA Plaza, Chicago, IL 60685. Upon information and belief, the AD&D Plan is administered by Estee Lauder.

70. As a result of CNA's denial of Plaintiff's claim for short and long term disability benefits, Plaintiff's coverage under the Voluntary AD&D Plan was improperly cancelled.

71. Plaintiff is entitled to any costs of continuation of coverage for the Voluntary AD&D Plans, any costs for conversion, as well as reimbursement for premiums paid by Plaintiff since February, 2003.

72. Plaintiff was and remains disabled within the terms and conditions of the Voluntary AD&D Plan. Plaintiff is, therefore, entitled to the receipt of monthly Voluntary AD&D coverage benefits from February 13, 2003, and continuing to the present under the terms of the AD&D Plan, to the final date of this Court's determination.

**WHEREFORE,** Plaintiff, Daniel Russo respectfully prays that this Court enter judgment against Defendants', Continental Casualty Company ("CNA"), Aetna Life Insurance Company ("Aetna"), Short Term Disability Plan for Employees of Esteé Lauder (the " STD Plan"), Long Term Disability Plan for Employees of Esteé Lauder (the " LTD Plan"), Basic Accidental Death and Dismemberment Plan for Employees of Esteé Lauder, (the "AD&D Plan"), Voluntary Accidental Death and Dismemberment Plan for Employees of Esteé Lauder, (the "Voluntary AD&D Plan"), as follows:

A. That the Court declare and then determine that under the terms of the Plan that the Plaintiff's disability began on or about February 13, 2003, and that he continues to be disabled within the Plan's provisions and the terms of the SPD and eligible for disability benefits from said date;

B. That after making such a determination, the Court order Defendants, the STD and LTD Plans, and CNA, to compensate Plaintiff for his disability in accordance with the provisions of the Plans and the terms of the respective SPD;

C. That, after making such determination, the Court order Defendant, the AD&D Plan, and the Voluntary AD&D Plan to compensate Plaintiff for any sums paid by him for the continuation of his accidental death and dismemberment insurance coverage which would otherwise have been covered under the respective SPD;

D. That the Court award Plaintiff her attorneys' fees pursuant to 29 U.S.C. § 1132(g);

E. That Plaintiff receive such other relief as this Court deems just, proper and equitable under the circumstances, including interest, costs and disbursements, as to which she may be entitled.

Dated: Ronkonkoma, NY
       May 17, 2005

                                          BINDER & BINDER, P.C.

By: _____
Harry J. Binder, Esq (HJB 5450)
Attorneys for Plaintiff
2805 Veterans Memorial Highway
Suite 20
Ronkonkoma, NY 11779-7682
(631) 648-4700